JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
CHRISTOPHER L. BLAKESLEY, ESQ.
Nevada Bar No. 11922
LUCHERINI BLAKESLEY COURTNEY, P.C.
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| SAGAR NAVIN PATEL, | Case No.: 2:16-cv-00730-JAD-PAL |
| Plaintiff | |
| v. | |
| OFFICER BOE D. DENNETT; DOES I through V, inclusive; and ROE CORPORATIONS VI through X, inclusive, | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY
### (Oral Argument Requested)

COMES NOW, Plaintiff, SAGAR NAVIN PATEL, by and through his counsel of record, LBC Law Group, and hereby files his Opposition to Defendant's Motion for Say.  Plaintiff's Opposition is made and based on the following Memorandum of Points and Authorities, all pleadings and papers on file herein and any oral argument this Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

"Justice delayed is justice denied." As this Court knows from its recent denial of Defendant's Motion for Summary Judgment (decided March 27, 2018) this is a case about the

1

violation of the First and Fourth Amendment rights of Plaintiff, Sagar Patel. Mr. Patel was visiting Las Vegas on April 5, 2015 and was subjected to a racial slur by a Las Vegas police officer followed by the use of excessive force – including the bending of his left arm until the upper portion of it snapped, breaking in three places. Mr. Patel had never had any problem with the police before, except for a stop sign violation. He was born and raised in the United States and is a graduate of the University of California, Davis. He would like to exercise his due process rights and have his civil rights case heard, and a stay would impair his ability to do so for a long time despite the truth that there is no genuine issue to be resolved by the Ninth Circuit on interlocutory appeal. The Ninth Circuit has specifically crafted a process by which a frivolous interlocutory appeal such as this can be prevented so that a person is not denied due process rights upon a groundless or baseless reason. This process, discussed below, should be utilized along with a denial of this Motion to Stay.

Now, this case is not only about Mr. Patel's First Amendment rights and his Fourth Amendment rights, but it is also about Mr. Patel's Fifth Amendment Constitutional right to due process.

## II.    ARGUMENT

The Defendant made a number of <u>claims of fact</u> in support of his Motion for Summary Judgment.  In its order denying summary judgment in its entirety, this Court pointed out that Defendant's claims are strongly disputed, and inappropriate for a finding of qualified immunity. Now, apparently, Defendant wishes to proceed to appeal so that he can attempt to have the appellate court make a determination that the disputed facts are undisputed.

Dissatisfied with the Court's detailed analysis of the facts, and the clearly established law that applies to those facts, the Defendant seeks a stay of proceedings to pursue an interlocutory appeal. Again, to support its stay motion, Defendant argues *facts*. To do this, Defendant just drops a footnote (*see* fn 1 to Defendant's Motion for Stay, p. 4) and asks the Court to revisit those disputed

2

facts and deem them undisputed. Interlocutory appeal, however, does not apply to decisions this Court makes about disputed **_facts_**. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017)("[W]e have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the <u>**undisputed facts**</u>, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts [emphasis added].").

The Defendant is wrong to suggest it is a close call on the facts, and therefore, a stay is appropriate. The Defendant is also wrong to suggest that the appellate court should review factual determinations (i.e., that there are disputed facts) made by a district court. For purposes of qualified immunity assessment, and for this Motion for Stay, the facts must be taken as plead by Plaintiff. *Centeno v. City of Fresno*, 2018 U.S. Dist. LEXIS 41249, *9, 2018 WL 1305764 ("[t]he officials must present the appellate court with a legal issue that does not require the court to "consider the correctness of the plaintiff's version of the facts...." (citing *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003); *Pauluk v. Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016)). All reasonable inferences which may be drawn from the facts should also be presumed in favor of Plaintiff unless Defendant can produce facts leaving no doubt that the factual dispute must be resolved in Defendant's favor, and Defendant up to this point has failed to produce such.

As Defendant's request for a stay does not reflect a genuine issue of law upon which Defendant can possibly win, it should be seen for what it is: a dilatory tactic. Indeed, the tactic appears so dilatory in nature that it appears – more likely than not – to be a blatant ploy to delay due process in violation of the Fifth Amendment of the United States Constitution. The Ninth Circuit has provided a specific process for a district court to handle a situation like this. *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). Following *Chuman*, this Court may certify that the appeal is frivolous, and a stay is inappropriate. "An appeal is frivolous if the results are obvious, **or** the

arguments are wholly without merit [emphasis added]." *Centeno v. City of Fresno*, 2018 U.S. Dist. LEXIS 41249, *9, 2018 WL 1305764. It is important that the word "or," a conjunction, is used by the court in *Centeno*. Denial of the stay is appropriate "if the results are obvious." It is obvious that no appellate court would set aside this Court's finding that there exist material facts in dispute.

Again, the probable results of the appeal are obvious. The Defendant does not even bother to try and argue (i.e.,  how he will win on appeal). He hangs his hat entirely on the assumption that based on the facts as he claims them, that an application of those facts is "not wholly without merit." His claims on the facts are inappropriate and wholly without merit, but more importantly do not even begin to show how the Defendant will win on appeal as a matter of *law*. He will not win and he does not even attempt to explain how he might, therefore, a stay can appropriately be denied.

The United States Supreme Court has specifically approved of the use of a certification of a frivolous claim by the district courts because it "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996) *citing Chuman v. Wright,* 960 F.2d 104, 105 (C.A.9 1992).  Moreover, all rules governing civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FRCP 1.

Perhaps the Defendant does not discuss law because the facts and law cited by Defendant in his Motion are so far removed from the facts and the law in this case. For example, in *Centeno v. City of Fresno*, 2018 U.S. Dist. LEXIS 41249, *9, 2018 WL 1305764, the Court was careful to point out that it was making its decision in the *context of that case* where the police shot and killed a suspect and partial summary judgment had been granted.   The Court further specifically noted in *Centeno* that the issues of law were "complex" because the case involved the use of deadly force – the suspect was shot and killed. Here, no law was broken by Mr. Patel, none, and as this Court

4

pointed out in its denial of summary judgment, there was no threat to Officer Dennett: "There is no evidence in the record that Patel was a threat to the officers or anyone else." (Court Order Denying Summary Judgment, p.13, lns. 10-11). Despite no physical threat, Officer Dennett slowly twisted Mr. Patel's arm until it literally snapped. Officer Dennett's was motivated to break Mr. Patel's arm because Officer Dennett became angry over Mr. Patel's use of his Constitutional right to free speech. There are no complex issues of law here, and it is "obvious" that the Defendant will not win on appeal.

The facts and law in another case relied on by Defendant, *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938 (9th Cir. 2017), are also much different than the case at hand. Again, *Isayeya* is another deadly force case where the law is more complicated. As the Court said in *Isayeva*: "The facts of this case are tragic. They involve a combination of mental illness, drug abuse, and domestic conflict that led to a loss of life in a confrontation between Tereschenko and police officers." 872 F.3d at 942. In short, *Isayeva* was a complex deadly force shooting case with a dangerous suspect who was mentally disturbed and under the influence of methamphetamine. Not at all the situation in this case. This case involves a college-educated citizen who has never before been in trouble with the law, except for a single minor traffic violation.

*Isayeva* actually supports denial of the Motion to Stay. The Court stated "Where the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal.") 872 F.3d at 945. (citing *Ames v. King County*, 846 F.3d 340, 347 (2017). This is precisely the situation in the case at hand. This Court has held that the parties' evidence presents genuine issues of fact, and the Defendant wants a stay to revisit this finding. A stay to do such is inappropriate.

There are cases closer to the facts at hand where the Court made a finding that an interlocutory appeal was frivolous for failure to show an argument of law and denied a stay. In

*Carillo v. County of Los Angeles*, January 7, 2013, 2013 WL 12124087, the district court considered the law presented and found it was legally incorrect.  Therefore, the Court certified that the interlocutory appeal was frivolous under *Chuman*. Here, the Defendant has not presented any law in support of the Motion to Stay, nor is there any, and a similar result should apply.

Often attributed to William Penn, "Justice delayed is justice denied." This Court should not delay justice in this case so that Defendant can reargue the facts on appeal while offering no legal arguments upon which Defendant could prevail on appeal.

### III.    CONCLUSION

The clear trend in Circuit courts has been to adopt a *Chuman* process. This is for good reason. The Circuits are swamped, including the 9th Circuit. An interlocutory appeal obviously without merit should not be allowed to waste valuable judicial resources and upset the trial processes causing a long delay. An appeal without law cannot be allowed to become a dilatory tactic that dissuades people from redressing Constitutional violations. Such an appeal has been made here, and this Court is requested to certify such a finding so that the case can proceed.

DATED this 8th day of May, 2017.

LUCHERINI BLAKESLEY COURTNEY, P.C.

By: _____
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
CHRISTOPHER L. BLAKESLEY, ESQ.
Nevada Bar No. 11922
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030/Fax: (702) 534-6354
Email: info@lbclawgroup.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of Lucherini Blakesley Courtney, P.C., and on May 8, 2018, I served a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY (Oral Argument Requested), was served electronically and via U.S. Mail, postage prepaid, addressed as follows, upon the following:

Lyssa S. Anderson, Esq.
Ryan W. Daniels, Esq.
1980 Festival Plaza Dr., Ste. 650
Las Vegas, Nevada 89135
*Attorneys for Defendant*

An employee of Lucherini Blakesley Courtney, P.C.